**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Best Buy Stores, L.P., BestBuy.com, LLC, and Best Buy Purchasing, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Wildcat Licensing LLC, Jeffrey W. Salmon, and Sockeye Licensing TX LLC, <br><br> Defendants. | Civil Action No. <br><br> Judge <br> Magistrate Judge <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Best Buy Stores L.P., BestBuy.com, LLC, and Best Buy Purchasing LLC ("Best Buy") hereby allege for their Complaint for Declaratory Judgment against Defendants Wildcat Licensing LLC, Jeffrey W. Salmon, and Sockeye Licensing TX LLC ("Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment that Best Buy does not infringe any valid claim of United States Patent No. 8,135,342 ("the '342 Patent") or U.S. Patent No. 8,879,987 ("the '987 Patent") (collectively, the "Asserted Patents"), and for declaratory judgment that the claims of the Asserted Patents are invalid.

2. A true and correct copy of the '342 Patent is attached as Exhibit A.

3. A true and correct copy of the '987 Patent is attached as Exhibit B

**THE PARTIES**

4. Plaintiff Best Buy Stores, L.P. is a Virginia limited partnership with a principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.

5. Plaintiff BestBuy.com, LLC is a Virginia limited-liability company with a principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.

6. Plaintiff Best Buy Purchasing LLC is a Minnesota limited-liability company with a principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.

7. Upon information and belief, Defendant Wildcat Licensing LLC ("Wildcat") is a limited liability company formed under the laws of the State of Illinois. Wildcat can be served with process by serving its registered agent for service of process in Illinois, Jeffrey W. Salmon, 320 Wilmette Avenue, Glenview, Illinois 60025.

8. A true and correct copy of the Certificate of Good Standing and LLC File Detail Report from the Illinois Secretary of State's website for Wildcat is attached as Exhibit C. Wildcat's LLC File Detail Report from the Illinois Secretary of State's website shows Jeffrey W. Salmon as its agent and manager, with its principal office at 320 Wilmette Avenue, Glenview, Illinois 60025.

9. Upon information and belief, Defendant Jeffrey W. Salmon is a resident of Illinois, with an address of 320 Wilmette Avenue, Glenview, Illinois 60025, and can be served at that address by personal service.

10. Upon information and belief, Sockeye Licensing TX LLC ("Sockeye")[1] is a limited liability company formed under the laws of the State of Texas. Sockeye can be served with process by serving its registered agent for service of process in Texas, CT

---

[1] Sockeye has only been included as a defendant in this declaratory judgment action to the extent it seeks to reestablish its rights to transact business in Texas and attempts to assert the '342 and '987 Patents against Best Buy and its customers.

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. A true and correct copy of the Certificate of Formation for Sockeye is attached as Exhibit D. The Certificate of Formation for Sockeye lists Defendant Jeffrey W. Salmon ("Salmon") as its sole manager and member, with an address of 320 Wilmette Avenue, Glenview, Illinois 60025.

## JURISDICTION AND VENUE

12. This action is based on the patent laws of the United States, Title 35 of the United States Code, § 1 et seq., with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

13. An actual, substantial, and continuing justiciable controversy exists between Best Buy and Defendants that requires a declaration of rights by this Court. As set forth in the paragraphs herein, an actual controversy exists between Best Buy and the Defendants with respect to the infringement, validity and scope of the '342 and '987 Patents.

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15. This Court has personal jurisdiction over Wildcat because Wildcat is an Illinois limited liability company, and conducts business from this district.

16. This Court has personal jurisdiction over Salmon because he is the sole manager and member of Sockeye and pursuant to Texas Tax Code § 171.255, Salmon is personally liable for the debts and liabilities of Sockeye because Sockeye has forfeited its right to transact business and to sue and defend actions in the courts of the State of Texas.

17. This Court has personal jurisdiction over Sockeye because, as discussed below, Sockeye has forfeited its right to transact business in Texas, and its sole member and manager,

3

Jeffrey W. Salmon, resides in Glenview, Illinois, and conducts business and directs litigation of the Asserted Patents from this district.

18. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

19. On December 13, 2012, Defendant Wildcat was formed as an Illinois limited-liability company, naming Defendant Salmon as its registered agent and sole manager.

20. On May 12, 2014, Defendant Sockeye was formed as a Texas limited-liability company, naming Defendant Salmon as its sole manager.

21. Pursuant to Texas Tax Code § 171.202, Sockeye failed to file its annual report and pay any franchise taxes due by May 15, 2015 as required by the Comptroller of the State of Texas. Upon information and belief, Sockeye did not respond within forty-five days from the mailing of the notice of forfeiture sent by the Comptroller on or about May 22, 2015.

22. Pursuant to Texas Tax Code § 171.2515, the Comptroller of the State of Texas shall forfeit the right of a taxable entity, such as Sockeye, to transact business in Texas, in accordance with the procedures for forfeiture set forth in Texas Tax Code §§ 171.251 *et seq.* Upon information and belief, the Comptroller forfeited Sockeye's right to transact business in the State of Texas, and to sue or defend in any court in the State of Texas, on or about July 6, 2015.

23. Upon information and belief, because Sockeye forfeited its privileges to transact business and sue and defend itself in the courts of the State of Texas by failing to file its annual report with the Comptroller, and by failing to pay its franchise tax liability, its management, Defendant Salmon, is now personally liable for the debts and liabilities of Sockeye.

24. On July 24, 2015, an assignment agreement purporting to assign all the right, title and interest in and to the '342 and '987 Patents was executed by Zamboola LLC as assignor and

Wildcat as assignee. This assignment agreement, attached as Exhibit E, was recorded by the U.S. Patent and Trademark Office on July 27, 2015 at Reel 036188, Frame 0599.

25. On August 19, 2015, an assignment agreement purporting to assign all the right, title and interest in and to the '342 and '987 Patents was executed by Wildcat as assignor and Sockeye as assignee. This assignment agreement, attached as Exhibit F, was recorded by the U.S. Patent and Trademark Office on October 1, 2015 at Reel 036703, Frame 0022. Upon information and belief, Sockeye's right to transact business in Texas was forfeited at the time that Wildcat attempted to assign its interest in the '342 and '987 Patents to Sockeye, rendering the purported assignment of the '342 and '987 Patents to Sockeye null and void. Accordingly, all right, title and interest in and to the '342 and '987 Patents is owned by Wildcat.

26. On October 5, 2015, Sockeye sued Rocketfish, Inc. for infringement of the '342 and '987 Patents in Case No. 2:15-cv-01607-JRG in the Eastern District of Texas. In its Complaint, Sockeye alleged that Rocketfish, Inc. has the same principal place of business as Best Buy—7601 Penn Avenue South, Richfield, MN 55423—and accused Rocketfish products that are certified for use with Miracast™, part of the Wi-Fi Direct® standard of the Wi-Fi Alliance. Sockeye's complaint specifically accused the "Rocketfish Miracast Video Receiver" of infringement and more generally, the Rocketfish Miracast-certified products listed on the Wi-Fi Alliance's web site.

27. Best Buy's affiliate, BBY Solutions, Inc., owns the Rocketfish brand and trademarks. Best Buy is the exclusive seller and importer of Rocketfish products. Best Buy Stores, L.P., BestBuy.com, LLC, Best Buy Purchasing, LLC and BBY Solutions, Inc. are all owned, directly or indirectly, by Best Buy Co., Inc. Upon information and belief, Defendants intended to sue Best Buy for infringement of the '342 and '987 Patents. Thus, an actual,

substantial, and continuing justiciable controversy exists between Best Buy and Defendants that requires a declaration of rights by this Court.

28. Upon information and belief, Sockeye's right to transact business, and to sue and defend suits in the courts of the State of Texas, was forfeited in accordance with Texas law at the time it sued Rocketfish, Inc. for patent infringement in the Eastern District of Texas on October 5, 2015. Attached as Exhibit G is a true and correct copy of Sockeye's Franchise Tax Account Status, showing it is in forfeiture. Therefore, Sockeye did not have capacity to sue Rocketfish, Inc. or Best Buy in the Eastern District of Texas. Additionally, because the attempted assignment of the '342 and '987 Patents to Sockeye was null and void, Sockeye did not have standing to sue Rocketfish, Inc. or Best Buy for patent infringement.

29. On October 26, 2015, Sockeye filed a motion to voluntarily dismiss its Complaint against Rocketfish, Inc. in the Eastern District of Texas without prejudice.

30. On October 27, 2015, Judge Rodney Gilstrap granted Sockeye's motion, and dismissed the Complaint against Rocketfish, Inc. without prejudice.

**COUNT I**

**NON-INFRINGEMENT OF U.S. PATENT 8,135,342**

31. Best Buy incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Defendants have alleged that Best Buy, through its Rocketfish products, directly and indirectly infringes one or more claims of the '342 Patent and that Best Buy's customers directly infringe the '342 Patent through operation of the accused Rocketfish products.

33. Best Buy asserts that Best Buy and Best Buy's customers have not and do not directly or indirectly infringe any claim of the '342 Patent, either literally or under the doctrine

of equivalents.

34. Therefore, there exists a substantial controversy between Best Buy and Defendants, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that neither Best Buy nor its customers have directly or indirectly infringed any valid claim of the '342 Patent.

35. An actual and justiciable controversy exists regarding the alleged infringement of the '342 Patent by Best Buy and its customers. Best Buy accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '342 Patent.

## COUNT II

## INVALIDITY OF U.S. PATENT NO. 8,135,342

36. Best Buy incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. This is an action for declaratory judgment of invalidity of any and all claims of the '342 Patent.

38. Best Buy asserts that the claims of the '342 Patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

39. Therefore, there exists a substantial controversy between Best Buy and Defendants, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the claims of the '342 Patent are invalid.

40. An actual and justiciable controversy exists regarding the invalidity of the '342 Patent. Best Buy accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '342 Patent.

## COUNT III

### NON-INFRINGEMENT OF U.S. PATENT 8,879,987

41. Best Buy incorporates by reference the allegations contained in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Defendants have alleged that Best Buy, through its Rocketfish products, directly and indirectly infringes one or more claims of the '987 Patent and that Best Buy's customers directly infringe the '342 Patent through operation of the accused Rocketfish products.

43. Best Buy asserts that Best Buy and Best Buy's customers have not and do not directly or indirectly infringe any claim of the '987 Patent, either literally or under the doctrine of equivalents.

44. Therefore, there exists a substantial controversy between Best Buy and Defendants, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that neither Best Buy nor its customers have directly or indirectly infringed any valid claim of the '987 Patent.

45. An actual and justiciable controversy exists regarding the alleged infringement of the '987 Patent by Best Buy and its customers. Best Buy accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '987 Patent.

## COUNT IV

### INVALIDITY OF U.S. PATENT NO. 8,879,987

46. Best Buy incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. This is an action for declaratory judgment of invalidity of any and all claims of the '987 Patent.

48. Best Buy asserts that the claims of the '987 Patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

49. Therefore, there exists a substantial controversy between Best Buy and Defendants, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the claims of the '987 Patent are invalid.

50. An actual and justiciable controversy exists regarding the invalidity of the '987 Patent. Best Buy accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '987 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BEST BUY prays for a declaratory judgment against Defendants as follows:

A. A declaration that neither Best Buy nor Best Buy's customers directly or indirectly infringe any claim of the '342 Patent;

B. A declaration that each claim of the '342 Patent is invalid;

C. A declaration that neither Best Buy nor Best Buy's customers directly or indirectly infringe any claim of the '987 Patent;

D. A declaration that each claim of the '987 Patent is invalid;

E. A declaration that Best Buy's case against Defendants is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Best Buy to an award of its reasonable attorneys' fees, expenses and costs incurred in this action; and

F. Such other and further relief, in law or in equity, as the Court deems just.

**JURY TRIAL DEMANDED**

Best Buy demands a trial by jury as to all issues and causes of action so triable herein, pursuant to Federal Rule of Civil Procedure 38.

Dated:  October 28, 2015                                     Respectfully submitted,

/s/Jeffrey M. Drake
Jeffrey M. Drake
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street
Suite 2600
Chicago, Illinois  60606
Phone:  312-460-4200
Fax:  312-460-4201
drakej@millercanfield.com


Samuel L. Walling *(Pro Hac Vice – to be filed)*
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Phone:  612-349-8500
Fax:  612-339-4148
swalling@robinskaplan.com

*Counsel for Plaintiffs*
*Best Buy Stores, L.P.,*
*BestBuy.com, LLC, and*
*Best Buy Purchasing, LLC*